Case 2:07-mj-09006-PCL    Document 2    Filed 01/02/2008    Page 1 of 2



AUSA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Mag. Case No. 07MJ9006 |
| Plaintiff, | ) COMPLAINT FOR VIOLATION OF: |
| v. | ) Title 8, U.S.C., Section 1326 |
| Eduardo ROMERO-Saldana, | ) Deported Alien Found In the United States |
| Defendant. | ) **AMENDED** |

The undersigned complainant, being duly sworn, states:

On or about December 28, 2007, within the Southern District of California, defendant Eduardo ROMERO-Saldana, an alien, who previously had been excluded, deported, and removed from the United States to Mexico was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States code, section 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

MARCO A. MIRANDA
Senior Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 2nd DAY OF JANUARY 2008.

Peter C. Lewis
United States Magistrate Judge

Page 1

I, Senior Border Patrol Agent Marco Miranda declare under penalty of Perjury, the following is true and correct:

# PROBABLE CAUSE STATEMENT

The complainant states that this complaint is based upon the statements of the apprehending Border Patrol Agent, F. Gonzalez, that the Defendant was found and arrested on December 28, 2007 east of the Calexico, California Port of Entry.

BPA Gonzalez was performing his assigned Border Patrol duties approximately .5 miles east of the Calexico, California Port of Entry. BPA Gonzalez observed an individual, later identified as Eduardo ROMERO-Saldana, climb over the United States/Mexico International Boundary Fence. BPA Gonzalez identified himself as a Border Patrol Agent and questioned ROMERO as to his immigration status to be in the United States. ROMERO stated that he is a citizen of Mexico and illegally in the United States. ROMERO was placed under arrest.

Record checks revealed that an Immigration Judge ordered ROMERO deported to Mexico from the United States on January 6, 2006. Record checks also revealed that ROMERO was sentenced and convicted for First Degree Burglary.

At approximately 0733 hours, ROMERO was advised of his Miranda Rights in the Spanish language by Agent R. Torres and witnessed by Agent J. Macallister. ROMERO acknowledged understanding his rights and was willing to answer questions. ROMERO stated that he did not have any legal documents that would allow him to work in or reside in the United States. ROMERO also stated that he last entered the United States by jumping the border fence. ROMERO was questioned regarding his deportation and ROMERO said that he voluntary returned to Mexico. There is no evidence ROMERO has sought or received permission from the Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States.

Executed on December 29, 2007 at 0845.

Senior Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page, I find Probable cause to believe that the defendant named in this probable cause statement committed the offense on December 28, 2007 in violation of Title 8, United States Code 1326.

Cathy A. Bencivengo
United States Magistrate Judge

12/29/07 @ 12:53 pm

TOTAL P.01